19-2053-cr
*United States of America v. Edwin Cuello*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty.

Present:

> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*,

---

UNITED STATES OF AMERICA,

   *Appellee*,

   v.              19-2053

EDWIN CUELLO,

   *Defendant-Appellant*.

---

| For Defendant-Appellant: | MELISSA A. TUOHEY, Assistant Federal Public Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY |
|---|---|
| For Appellee: | STEVEN D. CLYMER, Assistant United States Attorney of Counsel, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY |

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Edwin Cuello appeals from his February 13, 2019 conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) entered based on a guilty plea in the United States District Court for the Northern District of New York (Suddaby, *C.J.*). Pursuant to a condition in his plea agreement, Cuello challenges the district court's denial of his motion to suppress a pistol and ammunition seized from his backpack by Officer William Coleman.

In the early morning hours of July 9, 2018, Cuello was stopped while riding his bike on the south side of Syracuse by Officer William Coleman and Officer Michael Birklin of the Syracuse Police Department. The officers stopped Cuello for a failure to have head and tail lights affixed to his bike in violation of New York Vehicle and Traffic Law § 1236(a). During the stop, the officers asked for identification, which Cuello did not have; asked for Cuello's bicycle registration,[1] which Cuello also did not have; and explained the reason for the stop. In his police report, Officer Coleman described Cuello as nervous. Officer Coleman asked what was in the black backpack that Cuello was wearing. Cuello informed the officers that the bag contained his gloves and thereafter handed the bag to the officers, who observed that it contained gloves but noted and remarked that it was also unusually heavy. At this point, Cuello pushed his bike to the ground and fled. Officer Birklin chased and apprehended Cuello. After Cuello was taken into custody, Officer Coleman looked inside the bag and found a pistol and ammunition. Cuello was charged with being a felon in possession and was issued a traffic citation for failing to have the required lights and operating a bicycle without registration. The district court denied Cuello's

---

[1] Syracuse Revised General Ordinances, Section 29-1 requires "[e]very person in the city of Syracuse who owns a bicycle operated in the city" to "register the bicycle . . . with the chief of police."

suppression motion, concluding that the officers' conduct during the lawful traffic stop was justified by reasonable suspicion and, in the alternative, that the pistol would have been inevitably discovered due to Cuello's outstanding warrants.

On appeal from the denial of a suppression motion, we review a district court's findings of fact for clear error and its resolution of questions of law and mixed questions of law and fact *de novo*. *United States v. Gomez,* 877 F.3d 76, 85 (2d Cir. 2017). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*\*\*

"Temporary detention of individuals during the stop of an automobile by the police . . . constitutes a 'seizure' of 'persons' within the meaning of [the Fourth Amendment]." *Whren v. United States*, 517 U.S. 806, 809–10 (1996). "Therefore, traffic stops must satisfy the Fourth Amendment's reasonableness limitation, which requires that an officer making a traffic stop have probable cause or reasonable suspicion that the person stopped has committed a traffic violation or is otherwise engaged in or about to be engaged in criminal activity." *Gomez*, 877 F.3d at 86 (internal quotation marks omitted). The Supreme Court has held that an officer may not unreasonably prolong a traffic stop in order to conduct an investigation unrelated to the reason for the stop. *Rodriguez v. United States*, 575 U.S. 348, 354–57 (2015). However, where an officer develops "reasonable suspicion of criminal activity" during the course of the stop, the Fourth Amendment permits that officer to detain the suspect even "beyond completion of the traffic investigation." *Id*. at 358.

Cuello concedes that the initial traffic stop here was justified on the basis of his failure to have the bike lights required under New York traffic laws, but he argues that the officers

3

unlawfully prolonged the traffic stop by asking him questions about his backpack when they lacked reasonable suspicion of an unrelated crime. We disagree.

An officer's reasonable suspicion of further criminal activity must be supported by "specific and articulable facts which, taken together with rational inference from those facts, provide detaining officers with a particularized and objective basis for suspecting legal wrongdoing." *United States v. Singletary*, 798 F.3d 55, 59 (2d Cir. 2015) (internal citations and quotation marks omitted). The reasonable suspicion standard is "not high" and is "less demanding than probable cause, requiring only facts sufficient to give rise to a reasonable suspicion that criminal activity *may* be afoot." *Id*. at 59–60 (internal quotation marks omitted). In determining whether a particular detention was justified by reasonable suspicion, we look at "the totality of the circumstances through the eyes of a reasonable and cautious police officer on the scene, whose insights are necessarily guided by his experience and training." *Id*. at 60. These circumstances may be "as consistent with innocence as with guilt." *Id.* (internal quotation marks omitted).

Even assuming *arguendo* that the questions here measurably prolonged the traffic stop and were required to be supported by reasonable suspicion, the district court correctly found that Officer Coleman's brief questions regarding Cuello's backpack were justified by such suspicion. Specifically, the district court found that Officers Coleman and Birklin were effecting a traffic stop in a high crime neighborhood characterized by frequent reports of gang activity and gunfire, *see United States v. Padilla*, 548 F.3d 179, 188 (2d Cir. 2008) (officer's reasonable suspicion justified in part due to "neighborhood's high incidence of shootings and drug-related crimes"), and were engaging with an individual who had no ID and appeared nervous, *see United States v. Torres*, 949 F.2d 606, 608 (2d Cir. 1991) (noting that the defendant's "demeanor, obvious nervousness,

4

[and] lack of identification" were among the factors providing reasonable suspicion).   Moreover, as the district court found significant, this stop occurred at 3:20 a.m.   *See Padilla*, 548 F.3d at 188 (noting that time of day is a relevant fact in assessing reasonable suspicion) (citation omitted)). In light of these facts, Officer Coleman's inquiry as to what was in Cuello's backpack and, upon holding the bag, a follow-up question regarding the bag's weight were justified by reasonable suspicion of further criminal activity.   And because Officer Coleman's inquiries did not exceed the scope of those permitted under the Fourth Amendment, the district court was correct to deny Cuello's motion to suppress.

We have considered Cuello's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk